IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RAMOS, | No. 2:24-CV-1890-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CORSALETTI, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Sergeant Corsaletti, DOE #1, DOE #2, and DOE #3 as Defendants. ECF No. 1, pg. 2. Plaintiff alleges that on May 27, 2024, Plaintiff passed out in his cell and when medical staff arrived, they began to administer Narcan. See id. at 3. At the time, Plaintiff was semi-conscious and pushed the nurse away asking, "What are you giving me?" Id. Plaintiff states it was later determined that it was low blood sugar and standing up too quickly that caused Plaintiff to pass out. He volunteered to take a drug test "to show that he was not under the influence of any narcotic or controlled substance." Id. at 4.

Plaintiff then claims that, on May 29, 2023, when Plaintiff's wife arrived for a pre-arranged conjugal visit, Defendant Corsaletti approached Plaintiff's wife and said "Your husband overdosed. He died and we had to bring him back with two doses of Narcan to bring him back." Id. at 3. When Plaintiff's wife became visibly distressed, Defendant Corsaletti responded "why are you mad at us? We saved your husband's life." Id. Plaintiff asserts Defendant Corsaletti was found to be in violation of Departmental policies related to sensitive medical information, classified as staff misconduct, and she is now facing Administrative Review. See id. at 4. Additionally, Plaintiff asserts these actions constitute a violation of the Health Insurance Portability and Accountability Act (HIPAA) because "she improperly disclosed sensitive health information related to the plaintiff." Id.

Plaintiff next alleges Defendant Corsaletti retaliated against Plaintiff in response to Plaintiff filing a Staff Complaint for the above conduct. See id. at 5. On February 27, 2024,

1  Plaintiff arrived for a pre-arranged conjugal visit, inspected the items from his pre-ordered food
2  purchase, and immediately notified visiting staff that several items from the order were missing.
3  See id. About thirty minutes later, Defendant Corsaletti knocked on the door of the Family
4  Visiting Unit and when Plaintiff opened the door, Defendant Corsaletti, "rudely and intrusively
5  forced her way into Plaintiff's visiting unit without invitation or asking if Plaintiff and his wife
6  were appropriately dressed for her to enter." Id.  When Defendant Corsaletti explained she needed
7  to conduct an inspection regarding the items Plaintiff claimed to be missing, Plaintiff claims
8  Defendant spoke "venomously and with a challenging attitude" and the "rude and offensive
9  attitude" was intimidating to Plaintiff's wife. Id. at 5. Plaintiff claims this interaction resulted in
10 further trauma and mental anguish to Plaintiff and his wife, causing additional strain on their
11 marriage. See id.

## II. DISCUSSION

Plaintiff asserts two claims, on for a HIPAA violation and one for retaliation.  For the reasons discussed below, neither claim is sufficient to proceed.  Specifically, Plaintiff has failed to allege facts to show a causal connection between any named defendant and his claim that his visitors were treated rudely following his report on Defendant Corsaletti.  Further, Plaintiff cannot state a private cause of action under HIPPA.  Finally, Plaintiff's retaliation claim is undermined by Plaintiff's allegation that Defendant Corsaletti's conduct served a legitimate penological purpose.

### A. **Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

3

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's complaint states that after Plaintiff reported Defendant Corsaletti, Plaintiff's visitors "are greeted rudely and forced to endure extra, unnecessary scrutiny when visiting." Id. However, the complaint is not clear if these interactions are with Defendant Corsaletti or other prison staff. Therefore, the complaint lacks facts to demonstrate the causal link necessary for a cognizable claim. Plaintiff will have the opportunity to amend the complaint to include facts that demonstrate the link between these alleged actions and Defendant Corsaletti.

**B.   HIPPA**

Plaintiff's first claim against Defendant Corsaletti alleges a medical disclosure which violates the federal privacy protections extended by HIPAA. While the Ninth Circuit has not considered the viability of a 42 U.S.C. § 1983 claim based on an alleged HIPAA violation, the appellate court has consistently held "HIPAA itself provides no private right of action." Garmon v. County of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016) (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)). Additionally, the Eighth and Eleventh Circuits have both held HIPAA cannot be enforced with a § 1983 claim. Adams v. Eureka Fire Prot. Dist., 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action"); Sneed v. Pan Am Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action or rights that are enforceable through § 1983").

Here, because Plaintiff's first claim relies on an alleged HIPPA violation by Defendant Corsaletti and because HIPAA does not provide a private cause of action, Plaintiff fails to state a cognizable claim under § 1983 based on violation of HIPPA.

**C.   Retaliation**

Plaintiff's second claim alleges retaliation by Defendant Corsaletti in response to Plaintiff reporting the May 29, 2023, incident. In order to state a claim under 42 U.S.C. § 1983

for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

In this claim, Plaintiff alleges that Defendant Corsaletti retaliated against Plaintiff by "rudely and intrusively forc[ing] her way into Plaintiff's visiting unit" and speaking "venomously and with a challenging attitude" which was intimidating to Plaintiff's wife. ECF No. 1 at pg. 5. The Court does not find Plaintiff's allegations state a cognizable retaliation claim. Specifically, Plaintiff failed to allege that Defendant's actions on February 27, 2024, did not serve a legitimate penological purpose. Indeed, Plaintiff states that a short time before Defendant Corsaletti "forced" her way into the visiting room, Plaintiff informed staff he was missing items from his food order and Defendant Corsaletti's stated reason for entering was to "conduct a search to make sure you are missing what you claim." Id. As Plaintiff's complaint provides facts to show there was a legitimate penological purpose to Defendant Corsaletti's actions, Plaintiff's retaliation claims in insufficient. Plaintiff will be provided the opportunity to amend the complaint.

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Plaintiff's complaint is dismissed with leave to amend; and

        2.    Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: September 30, 2024

                              DENNIS M. COTA
                              UNITED STATES MAGISTRATE JUDGE